# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT DESHIELDS, | : | |
| Plaintiff | : | |
| | : | No. 1:18-cv-1709 |
| v. | : | |
| | : | (Judge Rambo) |
| DR. MICHAEL MOCLOCK, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

## I. BACKGROUND

On July 18, 2018, *pro se* Plaintiff Robert DeShields ("Plaintiff"), an inmate currently housed at the State Correctional Institution, Coal Township, Pennsylvania ("SCI Coal Township"), initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983 in the Court of Common Pleas for Northumberland County, Pennsylvania. (Doc. No. 1-2.) Defendants Dr. Michael Moclock ("Dr. Moclock") and Karen Merritt-Scully ("Merritt-Scully") filed a notice of removal on August 28, 2018. (Doc. No. 1.)

In his complaint, Plaintiff alleges that on January 4, 2018, he saw Dr. Moclock for peripheral and central vertigo. (Doc. No. 1-2 ¶ 12.) Dr. Moclock examined Plaintiff and noted that he had "a left ear leak which was not consistent with inner ear infection." (*Id.* at 8.) Plaintiff asked to be tested for peripheral and central vertigo, but Dr. Moclock did not provide such testing, noting that "in most cases

these test[s] wouldn't reveal much [due] to the nature of this condition." (*Id.*) Dr. Moclock offered to prescribe Plaintiff Prednisone, but Plaintiff declined "due to [past] treatment failure." (*Id.* at 8, 10.) Dr. Moclock also "agreed to the Epley Maneuver as an effective treatment plan but informed [Plaintiff] that he was not trained in its execution therefore he would not order such treatment." (*Id.*; *see id.* ¶ 12.)

Plaintiff filed a grievance on January 19, 2018, alleging that Dr. Moclock had denied his requests for medical treatment. (*Id.* ¶ 13; *id.* at 8.) As relief, Plaintiff asks that Dr. Moclock be directed to perform the Epley Maneuver and order testing. (*Id.* at 8-9.) Defendant Merritt-Scully denied Plaintiff's grievance on February 13, 2018. (*Id.* at 10.) Plaintiff appealed the denial of his grievance on February 23, 2018. (*Id.* ¶ 15; *id.* at 11-12.) In that appeal, Plaintiff told the Facility Manager that he was suffering from constant headaches, dizziness, an uncomfortable feeling running down to his groin, an uncomfortable feeling in the base of his skull, slurred speech, hearing loss, ringing in one ear, and double vision. (*Id.* ¶ 15; *id.* at 11-12.) Plaintiff claimed to have "[fallen] and collapsed from the pain several times." (*Id.* ¶ 15.) He asked to be seen by a specialist. (*Id.* at 11-12.) On February 27, 2018, the Facility Manager upheld Defendant Merritt-Scully's initial response to Plaintiff's

grievance. (*Id.* ¶ 18; *id.* at 13.) On July 3, 2018, the Chief Grievance Officer upheld the previous responses. (*Id.* ¶ 20; *id.* at 16.)

Based on the above allegations, Plaintiff alleges that Defendants violated his rights under the Eighth Amendment to the United States Constitution by not providing treatment for his vertigo. (*Id.* at 5.) Merritt-Scully filed an answer to the complaint on September 6, 2018. (Doc. No. 8.) Dr. Moclock filed a motion to dismiss (Doc. No. 10) on October 29, 2018. On April 8, 2019, the Court received a motion for stay and abeyance from Plaintiff, requesting a stay of this action until his release from incarceration on May 1, 2019. (Doc. No. 13.) On April 9, 2019, the Court granted Dr. Moclock's motion to dismiss and granted Plaintiff leave to file an amended complaint within thirty (30) days. (Doc. Nos. 14, 15.)

Plaintiff did not file an amended complaint within that time. By Order entered on May 2, 2019, the Court denied Plaintiff's motion for stay and abeyance to the extent he sought a stay of this matter but granted it to the extent that the Court provided a thirty (30)-day extension for Plaintiff to file an amended complaint. (Doc. No. 16.) Plaintiff did not do so. Accordingly, in an Order entered on June 11, 2019, the Court, observing that the discovery deadline as to Plaintiff's claims against Defendant Merritt-Scully had closed, directed that the parties file any dispositive motions they wished to file within forty-five (45) days. (Doc. No. 18.)

Defendant Merritt-Scully filed a motion for summary judgment (Doc. No. 19) and supporting materials (Doc. Nos. 20, 21) on July 26, 2019. To date, Plaintiff has neither filed a brief in opposition nor a motion for an extension of time to do so. Accordingly, because the time period for filing an oppositional brief has expired, Defendant Merritt-Scully's motion for summary judgment is ripe for disposition.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) requires the court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.* at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. When the party seeking summary judgment satisfies its burden under Rule 56 of identifying evidence which demonstrates the absence of a genuine issue of material fact, the nonmoving party is required by Rule 56 to go beyond his pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). When Rule 56 shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."

*Celotex*, 477 U.S. at 323. *See Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. *White*, 826 F.2d at 59. In doing so, the Court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. *Id.* (citations omitted). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." L.R. 56.1. A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a *pro se* litigant. These rules apply with equal force to all parties. *See Sanders v. Beard*, No. 09-CV-1384, 2010 WL 2853261, at *5 (M.D. Pa. July 20, 2010) (*pro se* parties "are not excused from complying with court orders and the local rules of court"); *Thomas v. Norris*, No. 02-CV-01854, 2006 WL 2590488, at *4 (M.D. Pa. Sept. 8, 2006) (*pro se* parties must follow the Federal Rules of Civil Procedure).

6

### III. STATEMENT OF MATERIAL FACTS[1]

Defendant Merritt-Scully is a Health Care Administrator. (Doc. No. 21 ¶ 4.) She is not a medical doctor. (*Id.*) She "is not authorized to overrule a medical doctor on decisions regarding care." (*Id.* ¶ 5.)

### IV. DISCUSSION

As noted above, Plaintiff alleges that Defendant Merritt-Scully's actions violated his rights under the Eighth Amendment to the United States Constitution. The Eighth Amendment prohibits the infliction of cruel and unusual punishment on prisoners. In the context of medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). In order to establish an Eighth

---

[1] The Local Rules of Court provide that in addition to filing a brief in opposition to the moving party's brief in support of its motion, "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of material facts responding to the numbered paragraphs set forth in the statement [of material facts filed by the moving party] . . . as to which it is contended that there exists a genuine issue to be tried." M.D. Pa. L.R. 56. 1. The Rule further requires the inclusion of references to the parts of the record that support the statements. *Id.* Finally, the Rule states that the statement of material facts required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party. *See id.* Unless otherwise noted, the factual background herein is taken from Defendant Merritt-Scully's Rule 56.1 statement of material facts. (Doc. No. 21.) Plaintiff failed to file a response to Defendant Merritt-Scully's statement of facts in compliance with M.D. Pa. L.R. 56.1, and this Court is not "required to accept unsupported, self-serving testimony as evidence sufficient to create a jury question." *Hammonds v. Collins*, Civ. No. 12-236, 2016 WL 1621986, at *3 (M.D. Pa. Apr. 20, 2016) (citing *Brooks v. Am. Broad. Co.*, 999 F.2d 167, 172 (6th Cir. 1993)). The Court accordingly deems the facts set forth by Defendant Merritt-Scully to be undisputed. *See* M.D. Pa. LR 56. 1; Fed. R. Civ. P. 56(e)(2).

Amendment deliberate indifference claim, a claimant must demonstrate "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse, 182 F.3d at 197. The "deliberate indifference" prong of the Eighth Amendment test requires that the defendant actually know of and disregard "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Circumstantial evidence can establish subjective knowledge if it shows that the excessive risk was so obvious that the official must have known about it. *See Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001) (citing *Farmer*, 511 U.S. at 842)). Moreover, "[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Accordingly, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official .

. . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.*

The second prong of the Eighth Amendment inquiry is whether the plaintiff's medical needs were serious. A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). Not every condition is a serious medical need; instead, the serious medical need element contemplates a condition of urgency, namely, one that may produce death, degeneration, or extreme pain. *See id.*

Moreover, because only egregious acts or omissions can violate this standard, mere medical malpractice cannot result in an Eighth Amendment violation. *White v. Napoleon*, 897 F.2d 103, 108-10 (3d Cir. 1990); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") The Supreme Court has held that negligence or inadvertence alone do not rise to the level of a constitutional violation. *Whitley v. Albers*, 475 U.S. 312 (1986).

Additionally, prison medical authorities are given considerable latitude in the diagnosis and treatment of inmate patients, *see Young v. Kazmerski*, 266 F. App'x

191, 194 (3d Cir. 2008), and a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment. *See White*, 897 F.2d at 108-10. Furthermore, it is well settled that an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim. *See Taylor v. Norris*, 36 F. App'x 228, 229 (8th Cir. 2002); *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1024-25 (7th Cir. 1996); *Sherrer v. Stephens*, 50 F.3d 496, 497 (8th Cir.1994); *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990) ("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights."); *see also Pearson v. Prison Health Servs.*, 850 F.3d 528, 535 (3d Cir. 2017) ("[W]hen medical care is provided, we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care.").

As noted above, in his complaint, Plaintiff alleges that Defendants violated his Eighth Amendment rights by failing to adequately treat his vertigo. (Doc. No. 1-2.) In its April 4, 2019 Memorandum and Order granting Dr. Moclock's motion to dismiss, the Court concluded that Plaintiff had failed to establish an Eighth Amendment claim against Dr. Moclock. (Doc. No. 14 at 8.) Rather, the Court concluded, Plaintiff's complaint was "entirely premised on his disagreement with Dr. Moclock's medical judgment," given that Dr. Moclock decided not to perform

the Epley Maneuver because he had not been trained in its execution and instead offered a course of Prednisone, which Plaintiff declined. (*Id.* at 8-9.)

Likewise, nothing in the record before the Court suggests that Defendant Merritt-Scully violated Plaintiff's Eighth Amendment rights. As a Health Care Administrator, Defendant Merritt-Scully "is not authorized to overrule a medical doctor on decisions regarding care." (Doc. No. 21 ¶ 5.) Rather, the record reflects that when she responded to Plaintiff's grievance regarding Dr. Moclock's care, Defendant Merritt-Scully had no reason to believe that Dr. Moclock was mistreating or failing to treat Plaintiff's medical needs. *See Spruill*, 372 F.3d at 236. This Court has previously concluded that summary judgment is appropriate with respect to Eighth Amendment claims against health care administrators because they are not physicians and cannot assess the reasonableness of the treatment chosen by prison doctors. *See McAleese v. Owens*, 770 F. Supp. 255, 263 (M.D. Pa. 1991). Likewise, to the extent Plaintiff seeks to hold Defendant Merritt-Scully liable due to her response to Plaintiff's grievances, he cannot do so, as participation in after-the-fact review of a grievance is not enough to establish personal involvement. *See Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and

administrators were involved in the underlying unconstitutional conduct); *Ramos v. Pa. Dep't of Corr.*, No. 06-1444, 2006 WL 2129148, at *2 (M.D. Pa. July 27, 2006) (holding that the review and denial of grievances and subsequent administrative appeals does not establish personal involvement). Thus, Defendant Merritt-Scully is entitled to summary judgment as to Plaintiff's Eighth Amendment claims against her.

## V. CONCLUSION

For the foregoing reasons, Defendant Merritt-Scully's motion for summary judgment (Doc. No. 19) will be granted. An appropriate Order follows.

S/SYLVIA H. RAMBO
United States District Judge

Date: August 29, 2019